# MACKCHESNEY APPLETON, Appellant/Counter-Defendant
## v.
# ALLAN HARRIGAN, Appellee/Counter-Plaintiff

S. Ct. Civil No. 2013-0002
Supreme Court of the Virgin Islands
September 9, 2014

MACKCHESNEY APPLETON, St. Thomas, USVI, *Pro se*.

ROBERT L. KING, ESQ., Law Offices of Robert L. King, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(September 9, 2014)

CABRET, *Associate Justice*. Mackchesney Appleton appeals the Superior Court's finding that he owed Allan Harrigan $48,912.43 in

unpaid rent. Because Mackchesney[1] conceded his liability by defaulting, and yet was still given ample opportunity to participate in the Superior Court's consolidated default judgment hearing and bench trial, we affirm the Superior Court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2003, Banco Popular de Puerto Rico initiated foreclosure proceedings on Parcels 173-B60, 173-B61, and 173-B61A of Estate Anna's Retreat on St. Thomas. At that time, Gilbert Appleton owned the property, where he lived with two of his sons, Austin Appleton and Mackchesney Appleton. After the foreclosure proceedings, Allan Harrigan bought the property from Banco Popular subject to a mortgage, and allowed Gilbert, Austin, and Mackchesney to continue living on the property and collect the rent proceeds from several apartments on the property in return for $2,100 per month.

This arrangement lasted until 2008, when Harrigan stopped receiving the monthly payments. Harrigan then brought an eviction action against Gilbert, resulting in a December 9, 2008 Superior Court order evicting Gilbert from the property. Despite the eviction order, Gilbert continued to live on the property. Also in 2008, Harrigan transferred title of the three parcels to Attorney Robert King — Harrigan's attorney in this action — to hold in trust for Winston Liburd. Liburd had won a judgment of approximately $1.5 million against Gilbert in a personal injury suit in the United States District Court of the Virgin Islands, but was unable to recover the judgment because Gilbert claimed he had no assets, when in reality he owned the property that is the subject of this appeal. The transfer between Harrigan and King is the subject of another appeal pending before this Court, *King v. Appleton*, S. Ct. Civ. No. 2012-0138,[2] in which King alleges that Gilbert arranged the foreclosure and sale of the property to Harrigan in order to prevent Liburd from using the property to satisfy the District Court judgment.

On May 24, 2010, Austin Appleton, representing himself, filed a complaint against Harrigan in the Superior Court, alleging that at the time

---

[1] Because this case involves numerous members of the Appleton family, we refer to them by their first names.

[2] Harrigan made several attempts to consolidate the two cases, but the Superior Court denied these motions on May 1, 2012.

Harrigan bought the property, he entered into an oral agreement with Gilbert to transfer the property back to Gilbert at a later date but failed to do so. On July 1, 2010, Harrigan filed an answer denying that he had agreed to transfer the property to Gilbert, and brought a counterclaim against Austin, joining Gilbert and Mackchesney, alleging that they continued to live on the property without paying rent. Gilbert and Mackchesney did not respond to Harrigan's counterclaims, and Harrigan moved for entry of default and default judgment against them on September 8, 2010.[3] In a December 2, 2010 order, the Superior Court entered default against Mackchesney, taking the motion for default judgment under advisement, and entered default against Gilbert on May 1, 2012.

The Superior Court held a bench trial on September 11, 2012, to adjudicate Austin's breach of contract claim against Harrigan, during which Austin, Gilbert, Mackchesney, and Harrigan testified. In a December 10, 2012 order and judgment, the Superior Court rejected Austin's claim that Harrigan had agreed to transfer the property back to the Appletons, finding that Austin failed to support his allegations with any credible evidence that an enforceable contract for the sale of the property existed. The Superior Court then found that Gilbert and Mackchesney had an oral month-to-month lease with Harrigan, and that the $2,100 monthly payments made by Gilbert and Mackchesney were rent payments. The court also found that there was no evidence showing that Austin was a party to this agreement, and therefore only Gilbert and Mackchesney were found liable for unpaid rent from August 14, 2003, to December 11, 2008, totaling $48,912.43.

Mackchesney filed a motion for new trial on January 8, 2013,[4] arguing that he should be granted a new trial because he was never properly served, was not able to testify as a party on the record, was denied his right to due process, and did not have the opportunity to cross-examine Harrigan because he did not know that he was still a party to the matter at the time of trial. The Superior Court rejected these arguments in a

---

[3] Despite Austin's attempt to respond on Gilbert's behalf pursuant to an alleged power of attorney, the Superior Court found that Austin had no such authority in a May 1, 2012 order, striking the answer Austin filed on Gilbert's behalf.

[4] Gilbert also filed a motion for new trial on February 5, 2013, but the Superior Court found this to be untimely, and went on to reject Gilbert's arguments on the merits.

March 5, 2013 order, finding that Mackchesney was served with a copy of the counterclaim on July 8, 2010, and that on May 3, 2012, he was personally served with two orders and a May 1, 2012 opinion that designated him as a party. The court also noted that Mackchesney had attended a final pretrial conference on June 18, 2012, during which he requested time to acquire an attorney and prepare for trial, and further, that Mackchesney was present at trial, providing oral testimony and documentary evidence. Mackchesney filed a timely notice of appeal on January 9, 2013.[5]

## II. JURISDICTION

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." 4 V.I.C. § 32(a). The Superior Court's December 10, 2012 order and judgment " 'disposed of all the claims submitted to the Superior Court for adjudication,' " and therefore is a final order within the meaning of section 32. *Malloy v. Reyes*, 61 V.I. 163 (V.I. 2014) (quoting *Chapman v. Cornwall*, 58 V.I. 431, 436 (V.I. 2013)) (alteration omitted). Accordingly, we have jurisdiction over this appeal.

## III. DISCUSSION

■ Mackchesney — still proceeding *pro se* — insists that the Superior Court erred in holding him liable to Harrigan for the unpaid rent because he acted only as an agent for his father, Gilbert. He also argues that the Superior Court erred in denying his post-judgment motion because he was unaware that he was still a party to the action at the time of trial.[6] Mackchesney also states that the Superior Court "entered a default

---

[5] Gilbert also filed a notice of appeal on January 9, 2013, but this Court later dismissed the appeal on March 18, 2013, for failure to prosecute pursuant to Supreme Court Rule 35(e). *Appleton v. Harrigan*, S. Ct. Civ. No. 2013-0004, slip op. at 2 (V.I. Mar. 18, 2013).

[6] Mackchesney also argues that the Superior Court erred in allowing Harrigan's counterclaim to proceed because it did not comply with Federal Rule of Civil Procedure 14. But because he did not raise this argument with the Superior Court at any time, it is waived. V.I.S.CT.R. 4(h); 22(m). Even if it had been properly preserved, it is meritless since Rule 14 governs third-party complaints, allowing a "defending party [to], as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." FED. R. CIV. P. 14(a)(1). Harrigan's counterclaim was not a third-party

judgment and then entered a judgment against Appellant without the Appellant ever knowingly understanding that he was a full party to the case and could be liable for payment to anyone as a result of this being brought into the case." Although Mackchesney makes this argument in the "Statement of the Case" section of his brief, and fails to make any substantive argument supporting this assertion as required by Supreme Court Rule 22(m), "it is our policy to give *pro se* litigants greater leeway in dealing with matters of procedure and pleading." *Joseph v. Bureau of Corr.*, 54 V.I. 644, 650 (V.I. 2011) (internal quotation marks and alterations omitted). Because of this "greater leeway," we address this issue despite Mackchesney's failing.

Mackchesney raised a similar argument in a post-judgment motion entitled "Motion For New Trial," filed on January 8, 2013. There, he requested that the court grant a new trial "on [the] issues in which a judgment was taken against me," asserting that he did not understand that he was a party to the case and that he was denied due process. He further argued that he "should not be punished for not understanding all the legal implications of the papers I was given" and that he was not allowed to "set forth my case and to confront those who testified against me." Because this motion was filed outside of the time allowed for a motion for a new trial, the Superior Court construed it as a motion to set aside the default judgment under Superior Court Rule 50. *See* SUPER. CT. R. 50 ("For good cause shown, the court, upon application and notice to the adverse party, may set aside an entry of default, judgment by default or judgment after trial or hearing. Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure shall govern such applications."). Applying Federal Rule of Civil Procedure 60(b)(1), the Superior Court denied the motion, finding that Mackchesney

> was served with the copy of the . . . complaint on July 8, 2010. In addition, on May 2, 2012, [he] was personally served with two orders and a memorandum opinion dated May 1, 2012, that designated him as a [party]. Mackchesney Appleton also attended a final pretrial con-

complaint because it did not allege that Mackchesney was liable for Austin's claim against Harrigan.

267

ference on June 18, 2012, during which he requested time to acquire an attorney and to prepare for trial.

We review the Superior Court's ruling on a motion to grant relief from a judgment for an abuse of discretion. *Gould v. Salem*, 59 V.I. 813, 817 (V.I. 2013). "An abuse of discretion arises only when the decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Stevens v. People*, 55 V.I. 550, 556 (V.I. 2011) (internal quotation marks omitted).

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." In an affidavit accompanying his motion, Mackchesney asserted that Austin told him that he did not have to respond to the complaint. But, even if true, such an assertion is not sufficient to warrant relief under Rule 60(b). *See Blanchard v. Cortes-Molina*, 453 F.3d 40, 45 (1st Cir. 2006) (a defaulting party's mistaken belief that his insurance company would represent him in the proceedings did not warrant relief under Rule 60(b)). Mackchesney was served with Harrigan's answer and counterclaim on July 8, 2010, informing Mackchesney of the claims against him and that a "judgment by default will be taken against you as demanded in the complaint" upon a "failure to appear or answer." Mackchesney had until July 28, 2010, to respond to Harrigan's claims, and after he failed to do so for several months, the Superior Court entered default on December 2, 2010. *See* SUPER. CT. R. 32(a) ("The defendant may defend by entering his appearance before the clerk or by filing an answer with the clerk within 20 days after service of the summons and complaint."); SUPER. CT. R. 47 ("When a party against whom affirmative relief is sought has failed to appear, plead or otherwise defend . . . the clerk shall enter his default.").

 Despite the "greater leeway" granted to *pro se* parties, this does not excuse Mackchesney's failure to appear or respond to the allegations against him when he was properly served and informed of the consequences of such a failure. *Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012). Therefore, because Mackchesney was properly served and informed of the consequences of failing to respond, the Superior Court did not abuse its discretion in denying his motion to set aside the entry of

default judgment.[7] And because Mackchesney "by his default, admit[ted] the plaintiff's well-pleaded allegations of fact, [he] is concluded on those facts by the judgment, and is barred from contesting . . . the facts thus established," *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (collecting cases),[8] Mackchesney's default precludes his argument that the Superior Court erred in holding him liable to Harrigan for the unpaid rent because he acted only as an agent for his father.

■ But Mackchesney's default did not resolve the issue of damages, as "it is well established that while a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). After the entry of default "a trial court accepts the factual allegations of the complaint as true, except for those averring the amount of damages," *Bank of Nova Scotia v. Dore*, 57 V.I. 105, 110 (V.I. Super. Ct. 2012), which instead "generally must be established in an evidentiary proceeding [where] the defendant is afforded the opportunity to contest the amount claimed." *Cement & Concrete Workers*, 699 F.3d at 234. But

---

[7] We recognize that Federal Rule of Civil Procedure 60(b)(6) provides that the court may relieve a party from a final judgment for "any other reason that justifies relief." But "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted); *see also Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) ("[I]f the asserted ground for relief falls within one of the enumerated grounds for relief [under subsections (1)-(3)], relief under the residual provision of Rule 60(b)(6) is not available."); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 n.11, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988) ("a party may not avail himself of [Rule 60(b)(6)] if his motion is based on grounds specified in clause (1)" of Rule 60(b) (internal quotation marks omitted)). Therefore, because Mackchesney sought relief from the judgment on grounds provided for in Rule 60(b)(1), the Superior Court did not commit error in examining Mackchesney's motion under that subsection only.

[8] Although the entry of default in the Superior Court is governed exclusively by Superior Court Rule 47, and not Federal Rule of Civil Procedure 55(a), because these rules are nearly identical we may look to federal decisions interpreting Rule 55(a) for persuasive authority. *Compare* SUPER. CT. R. 47 ("When a party against whom affirmative relief is sought has failed to appear, plead or otherwise defend . . . the clerk shall enter his default."), *with* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."); *see Fontaine v. People*, 56 V.I. 660, 671 n.4 (V.I. 2012) (looking to decisions interpreting a federal rule as persuasive authority due to the similarity of the federal rule and a local statute).

such a hearing is not required "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." SUPER. CT. R. 48(a)(1).

■■ "[A] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003).[9] Here, the affidavit Harrigan submitted in support of default judgment merely repeated the unsupported assertion that Mackchesney and Gilbert owed him $44,950 in unpaid rent. This claim for unpaid rent in Harrigan's affidavit did not qualify as a sum certain because "[t]he term 'sum certain' in this context contemplates a situation in which, once liability has been established, there can be no dispute as to the amount due, as in actions on money judgments and negotiable instruments." *Id.* (quoting *Reynolds Sec., Inc. v. Underwriters Bank & Trust, Co.*, 44 N.Y.2d 568, 378 N.E.2d 106, 109, 406 N.Y.S.2d 743 (N.Y. 1978)). In other words, damages are a "sum certain" only in "actions where the damages sought can be determined without resort to extrinsic proof." *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993); *see also Brockton Sav. Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 13 (1st Cir. 1985) (damages were a sum certain when there was "no question as to the precise amount . . . of total losses" on an unpaid certificate of deposit). Because the damages claimed here could not be "determined without resort to extrinsic proof," as in "actions on money judgments and negotiable instruments," they were not a sum certain for the purposes of Superior Court Rule 48. Such damages, which are not "liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also*

---

[9] We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, . . . the clerk upon request of the plaintiff . . . shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk . . . must enter judgment for that amount and costs against a defendant.").

*McGarvin-Moberly Constr. Co. v. Welden*, 897 P.2d 1310, 1314-15 (Wyo. 1995) ("[I]n the assessment of damages following entry of default, a defaulting defendant has the right to participate in the proceedings and introduce affirmative evidence on its own behalf in mitigation of damages.") (collecting cases); *Clark v. Michael Motor Co.*, 322 Ark. 570, 910 S.W.2d 697, 698 (1995) ("A defaulting defendant is entitled to a hearing to determine the amount of damages, and the plaintiff is required to introduce evidence of the damages."); *Mariano v. Surla*, 2010 Guam 2 ¶ 41 ("[E]ven upon default, a court may not rubber-stamp the non-defaulting party's damages calculation, but rather must ensure that there is a basis for the damages that are sought.").

▮ The Superior Court never held a separate default judgment hearing in this case to determine the amount of Mackchesney's damages. Instead — although the Superior Court did not explicitly state it — it appears that the Superior Court consolidated the default judgment hearing against Mackchesney and the bench trial on the merits of Austin's and Harrigan's claims against one another. *See Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 611-12 (V.I. 2012) (the substance of the Superior Court's actions governs over the form). This *de facto* consolidation was in the interests of judicial economy, as both the bench trial and the default judgment hearing concerned the same transaction and were governed by the same evidence. FED. R. CIV. P. 42(a)(1) ("If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the actions.");[10] *see also In re Reynolds*, 60 V.I. 330, 336 (V.I. 2013) (stressing the importance of promoting judicial economy in Superior Court proceedings) (citing *Simon v. Joseph*, 59 V.I. 611, 626 (V.I. 2013)). Further, it is apparent that Mackchesney was not prejudiced by this procedure since the record of proceedings for the final pretrial conference on June 18, 2012, reveals that Mackchesney attended this conference, where he was made aware that he was still a party to the action and would be allowed to participate during the trial proceeding. Specifically, Mackchesney was "directed to serve

---

[10] Federal Rule of Civil Procedure 42 applies in this instance under Superior Court Rule 7 because there is no local rule, statute, or precedent from this Court addressing the same subject matter. SUPER. CT. R. 7 ("The practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Civil Procedure."); *Sweeney v. Ombres*, 60 V.I. 438, 441 (V.I. 2014) (collecting cases).

copies of documents that will be used as evidence" on the other parties, and the record of proceedings further notes that a "reminder card" identifying Mackchesney as a defendant "was given to counter-defendant Mackchesney Appleton to appear for [the] trial date." He even requested additional time to find an attorney and prepare. At the trial nearly three months later though, Mackchesney attended without an attorney and did not enter an appearance or otherwise attempt to participate in the proceedings on his own behalf. Yet, when Austin called him to testify, the Superior Court nonetheless allowed Mackchesney to introduce receipts into evidence showing that he made $100,000 of payments under the agreement with Harrigan and allowed him to explain the significance of these documents at length.

So while we agree with those courts that have determined that "upon assessment of damages following entry of default, the defaulting defendant has the right to cross-examine plaintiff's witnesses and to introduce affirmative testimony on his own behalf in mitigation of damages," *Gallegos v. Franklin*, 1976-NMCA-019, 89 N.M. 118, 547 P.2d 1160, 1165 (1976), we cannot say here that Mackchesney's failure to enter an appearance or participate as a party at the consolidated proceedings was the result of any error committed by the Superior Court. Instead, it seems apparent that the Superior Court made several efforts to accommodate Mackchesney's participation at the consolidated proceeding that were largely ignored. Accordingly, we reject Mackchesney's arguments and affirm the Superior Court.

## IV. CONCLUSION

The Superior Court did not err in denying Mackchesney's post-judgment motion seeking to set aside the default judgment because Mackchesney failed to satisfy the requirements of Rule 60(b)(1). Further, the arguments Mackchesney raises regarding his liability under the agreement with Harrigan and whether he was properly joined in the suit are waived. Therefore, we affirm the Superior Court's December 10, 2012 order and judgment.