**RECALDO DESSOUT, Appellant/Defendant**

**v.**

**LISA T. BRIN, Appellee/Plaintiff**

S. Ct. Civil No. 2016-0005

Supreme Court of the Virgin Islands

January 30, 2017

Recaldo A. Dessout, St. Thomas, USVI, *Pro se*.

ROBERT A. EBERHART, ESQ., Law Offices of Robert Eberhart, St. Thomas, USVI, *Attorney for Appellee*.

HODGE, Chief Justice; CABRET, Associate Justice; and SWAN, Associate Justice.

## OPINION OF THE COURT

(January 30, 2017)

HODGE, *Chief Justice*. Lisa T. Brin filed suit against Recaldo A. Dessout in the Superior Court in 2009, seeking to determine their ownership interests in a parcel of property and a trailer purchased at a tax auction nearly 15 years earlier. We affirm the Superior Court's January 12,

2016 order denying Dessout's motion to reconsider and amend its September 29, 2015 judgment, because the alleged new evidence relied upon as grounds for relief was discoverable before trial.

## I. BACKGROUND

After a bench trial on March 23, 2015, the Superior Court determined that Dessout and Brin had been in a romantic relationship from 1989 to 1995, during which period they cohabitated and produced four children, sharing both household and child-rearing expenses. (J.A. 43-44.) In 1992, they purchased an owner-financed, unimproved parcel of property located at Parcel No. 383 Estate Wintberg, St. Thomas, Virgin Islands ("Parcel 383") from William and Joan Dimmitt for $45,000. (J.A. 43-44.) The parties paid $9,000 at closing; Brin took out a personal loan in the amount of $5,000, and Dessout contributed $4,000. (J.A. 44.) The Demmitts financed the remaining $36,000 balance, to be paid off in 120 monthly installments at a 9% per annum interest rate. (J.A. 44 n.4.) Brin made a total of 23 payments on this loan, the last one posting in October 1994. (J.A. 44 n.5.) Dessout made an additional three payments on the loan, the last one posting in April 1995. (J.A. 44 n.5.)

The parties began improving Parcel 383 soon after acquiring it. Dessout obtained a building permit, cleared and excavated the property, and commenced construction of a driveway, a retaining wall, and a cistern, work that, according to the record, was valued at $4,179.29. (J.A. 44 n.6.) Using Parcel 383 as collateral, the parties took out a $51,000 loan from the Bank of Nova Scotia ("BNS"). The BNS loan was disbursed on June 16, 1995, and about $31,000 was used to satisfy the outstanding balance owed to the Demmitts. (J.A. 46.) The remaining $20,000 was originally earmarked for the development of Parcel 383. (J.A. 44-46.) However, shortly before the funds from the loan were disbursed, Dessout informed Brin about a May 31, 1995 property tax auction, and they agreed to use the remaining funds from the loan to bid on properties being auctioned.

Brin attended the auction and was the successful bidder on three properties, with purchase prices amounting to a total of $13,230: Parcel No. 316 Estate Wintberg ("Parcel 316") for $7,500; Parcel No. 2 Estate

Lille Gade for $5,130;[1] and a trailer located on Parcel No. 27P Estate Lindbergh for $600 (the "trailer"). (J.A. 45.) Dessout gave Brin sufficient funds to pay the required 10% of the purchase price on the day of the sale, and a receipt was returned in her name alone. (J.A. 45, 383.) The remaining 90% of the purchase price was due ten days later, on June 10, 1995, before the BNS loan was disbursed. (J.A. 45-46, 311). In order to complete payment of the properties, Dessout solicited a loan from Denice Webster, in the amount of $12,000. (J.A. 45.) The loan agreement was memorialized in a hand-written document, stating: "Borrowed to Recaldo Dessout $12,000.00 for purchase of V.I. Gov't auction properties, to be repaid by 7/8/95" and bearing the signatures of both Dessout and Webster. (J.A. 45, 140.) The entire $12,000 was paid to the Department of Finance, which issued receipts for the final payment of the auctioned properties in the names of "Lisa Brin and Recaldo Dessout." (J.A. 45-46.) In June 1996, after the statutory period of redemption had expired, the Commissioner of Finance issued Certificates of Purchase for both Parcel 316 and the trailer, but in Brin's name only. (J.A. 48, 390, 394.) A corrected copy of each certificate was issued on December 9, 1997, in the names of both Brin and Dessout. (J.A. 48.)

The Superior Court found that Dessout used monies from the BNS loan to repay the $12,000 he borrowed from Webster, despite Dessout's denial that the Webster loan had been repaid. (J.A. 46.) The court also found that Dessout used monies from the BNS loan to repay two other personal loans. (J.A. 46.)

In August 1995, shortly after purchasing the properties at the tax auction, Dessout and Brin separated. Brin left their joint residence and sought and was granted a restraining order against Dessout. Brin made no further payments on the BNS loan, nor did she contribute to the maintenance, taxes, upkeep or insurance on the auctioned properties. Dessout made seven payments on the BNS loan from July 1995 to July 1996, totaling $2,425.50. (J.A. 47.) The Superior Court determined that, in total, Brin contributed $15,488.92 and Dessout contributed $9,547.41 to the parties' joint ownership of Parcel 383. (J.A. 51 n.16.) Because the parties failed to continue making payments on the loan, the BNS foreclosed upon Parcel 383, and obtained a default judgment. *See Bank of*

---

[1] The owner of Parcel No. 2 Estate Lille Gade timely redeemed that property on May 31, 1996, and it is not a subject of this matter. (J.A. 45.)

*Nova Scotia v. Dessout*, Civ. No. 805/1998 (V.I. Super. Ct. Apr. 20, 1999) (unpublished). As a result, the parties jointly conveyed Parcel 383 to the BNS, and ownership of this property is not in dispute. (J.A. 47.)

The two properties that are in dispute in this case are Parcel 316 and the trailer, which the parties purchased together at the tax auction in May of 1995 using monies obtained through the BNS loan, for which the parties were jointly responsible. After considering the evidence, the Superior Court entered a judgment and supporting memorandum opinion on September 29, 2015, awarding each party a 50% interest in Parcel 316 as tenants in common. It also found that the property was "so situated that partition cannot be made without great prejudice to the parties as owners" and ordered the sale of the property, with the proceeds to be divided equally between the parties after Dessout had been reimbursed for 50% of the $943.82 he paid in back property taxes, and all costs of the sale had been paid. (J.A. 52.) Finally, the Superior Court awarded Brin one-half of the purchase price of the trailer, plus interest. (J.A. 56.)

On October 28, 2015, Dessout moved for leave to file a motion for reconsideration and to amend the judgment pursuant to Superior Court Rule 50. (J.A. 5, 62.) He did not file the actual motion seeking reconsideration and amendment of the judgment, however, until November 3, 2015. (J.A. 5.) Brin filed an opposition to Dessout's motion for leave to file on November 17, 2015. (J.A. 5-6.) Dessout proffered numerous arguments for reconsideration of the court's decision. The Superior Court, however, construed Dessout's motion as a motion to set aside a judgment pursuant to Federal Rule of Civil Procedure 60(b), relying on Brin's argument that Federal Rule of Civil Procedure 6(b)(2) prohibited the extension of time to file a motion to amend a final judgment under Federal Rule of Civil Procedure Rule 59(e). (J.A. 103-04)

In a January 12, 2016 order, the court considered and rejected each of the three new pieces of evidence Dessout argued supported his motion to set aside the judgment: (1) a Superior Court order in the matter captioned *Percy Smith and Kidziah Smith v. Harry Berkitt and Damlet Berkitt*, Case No. ST-09-CV-012 (V.I. Super. Ct. May 11, 2009), that Dessout asserts is dispositive on the ownership issue of the trailer; (2) proof of payment of property taxes on the trailer from 2000 until 2015 by a third party, namely Harry Berkitt; and (3) a letter dated August 16, 2010, addressed to Brin's attorney and informing Brin that Berkitt believed himself to be the rightful owner of the trailer. (J.A. 100-05, 178-197.) First, the court noted

that the *Smith* order made no mention of the trailer and was irrelevant to this instant matter. (J.A. 105-06.) Second, the court found that Dessout had proof before trial that Berkitt had paid taxes on the property. (J.A. 106.) Finally, the court rejected Dessout's motion on the basis that all three pieces of evidence were discoverable through the exercise of reasonable diligence prior to the March 2015 trial. (J.A. 105-06.)

Dessout filed a timely notice of appeal on January 25, 2016. (J.A. 4, 8.)

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Pursuant to the Revised Organic Act of 1954, this Court has appellate jurisdiction over "all appeals from the decisions of the courts of the Virgin Islands established by local law[.]" 48 U.S.C. § 1613a(d); *see also* V.I. CODE ANN. tit. 4, § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Dessout appeals the Superior Court's January 12, 2016 order denying his motion to reconsider the September 29, 2015 judgment order. Because the January 12, 2016 order disposed of the only issue before the court, it was a final order for purposes of this statute, and because Dessout timely filed his notice of appeal on January 25, 2016, this Court has jurisdiction over this appeal. *See St. Croix, Ltd. v. Shell Oil Co.*, 60 V.I. 468, 472 (V.I. 2014) (citation omitted); *see also Ruiz v. Jung*, No. 2008-035, 2009 V.I. Supreme LEXIS 43, at *5 (V.I. Oct. 19, 2009) (unpublished) (holding this Court has jurisdiction where a timely notice of appeal was filed after a motion to reconsider); V.I.S.CT.R. 5(a)(1).

We review the Superior Court's resolution of a motion to alter, amend, or set aside a judgment for an abuse of discretion. *Ernest v. Morris*, 64 V.I. 627, 636 (V.I. 2016) (citing *Appleton v. Harrigan*, 61 V.I. 262, 268 (V.I. 2014)); *Walters v. Parrott*, 58 V.I. 391, 400 (V.I. 2013) (citations omitted). "An abuse of discretion arises only when the decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Appleton*, 61 V.I. at 268 (quoting *Stevens v. People*, 55 V.I. 550, 556 (V.I. 2011) (internal quotation marks omitted)).

### B. Motion to Set Aside Judgment

Dessout appealed the Superior Court's decision denying his motion to reconsider the prior judgment — which it had construed as a motion to set

aside the judgment — thus, the only issue properly raised before this Court is whether the Superior Court erred in denying Dessout's motion based on newly discovered evidence.[2] *See In re Hartlage*, 54 V.I. 446, 451-52 (V.I. 2010) ("Rule 4(c) of the Supreme Court Rules requires an appellant to 'designate the judgment, order, or part thereof appealed from,' and in his Notice of Appeal, [the appellant] only designated the Superior Court's order denying his motion for reconsideration. Likewise, [the appellant's] brief challenges only the Superior Court's denial of his motion for reconsideration . . . . Consequently, the order denying reconsideration is the only order that is properly before this Court."); *St. Croix, Ltd.*, 60 V.I. at 477-78 (relying on appellant's failure to comply with V.I.S.CT.R. 4(c) and V.I.S.CT.R. 22(m) when determining it would not address certain arguments).

■ The Superior Court may set aside a final judgment when presented with "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" *Walters v. Parrott*, 58 V.I. 391, 414-15 (V.I. 2013) (citing FED. R. CIV. P. 60(b)(2)) (alterations in original); SUPER. CT. R. 50 ("For good cause shown, the court, upon application and notice to the adverse party, may set aside an entry of default, judgment by default or judgment after trial or hearing. Rules 59 to 61, inclusive, of the Federal Rules of Civil Procedure shall govern such applications."). To prevail on a claim of "newly discovered evidence" the aggrieved party must show that the evidence was "in existence at the time of trial" but for some excusable reason the evidence was not discovered by or otherwise made known to the party. *Walters*, 58 V.I. at 414-15.

---

[2] We note that many of Dessout's arguments relate to alleged errors in the Superior Court's September 29, 2015 judgment order. However, Dessout filed his notice of appeal on January 25, 2016, and only designated the Superior Court's January 12, 2016 order as the decision he was appealing. Although a motion for relief under Superior Court Rule 50 may toll the time to file an appeal from an otherwise-final judgment if it is filed within 28 days after entry of the final judgment, V.I.S.CT.R. 5(a)(4), in this case Dessout did not file his Rule 50 motion until November 3, 2015-35 days after the Superior Court entered its final judgment. And while the time limits in Supreme Court Rule 5(a) are non-jurisdictional claims-processing rules, Brin timely opposed Dessout raising these untimely arguments in his appellate brief. *See Better Bldg. Maint. of the V.I., Inc. v. Lee*, 60 V.I. 740, 748 n.2 (V.I. 2014). Therefore, because Dessout did not file his notice of appeal until January 25, 2016, any allegation that the September 29, 2015 order is invalid is time-barred and will not be considered by this Court. *Simpson v. Golden*, 56 V.I. 272, 278-79 (V.I. 2012).

■ Dessout argues that evidence allegedly discovered after the final judgment — a letter, a decision in another case, and records of property taxes paid by a third party — call into question the ownership of the trailer. First, none of this evidence relates to Parcel 316. And while ownership of the trailer is an issue in this case, the 2010 letter, tax records, and an order in a case that was entered in 2009 could all have been discovered with reasonable diligence prior to the March 2015 trial. *See Parrott*, 58 V.I. at 415 (holding that documents did not constitute "newly discovered evidence" where both parties were aware of their existence before trial); *Ruiz*, 2009 V.I. Supreme LEXIS 43, at *12-13 (holding that a letter could have been brought to the family court's attention "at an earlier point in the proceedings through the exercise of reasonable diligence" and was not a valid basis for a Rule 60(b)(2) motion). Therefore, to the extent that the Superior Court correctly construed Dessout's November 3, 2015 motion as a motion to set aside a judgment, we affirm.

## III. CONCLUSION

Accordingly, we conclude that the Superior Court correctly denied Dessout's motion to set aside the September 29, 2015 judgment because the evidence that Dessout asserted was "newly discovered," was in existence well before trial and thus could have been discovered with reasonable diligence.