## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

LC DANIEL ENTERPRISES, INC. D/B/A
GLOBAL TOURS TRAVEL AGENCY,

PLAINTIFF,

v.

KEITH JAMES D/B/A KEITH'S TRAVEL,

DEFENDANT.

Civil No. SX-15-CV-237

ACTION FOR BREACH OF
CONRACT, DEBT, AND
RESTITUTION

CITE AS: 2022 VI SUPER 9

Mark L. Milligan, Esq.
Christiansted, U.S. Virgin Islands
*For Plaintiff*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

¶ 1    THIS MATTER came before the Court on Plaintiff LC Daniel Enterprises, Inc. d/b/a Global Tours Travel Agency's (hereinafter "Plaintiff") motion for sanctions, filed on October 1, 2021.

## BACKGROUND

¶ 2    On June 23, 2021 5, Plaintiff filed a complaint against Defendant Keith James d/b/a Keith's Travel (hereinafter "Defendant"). The complaint did not set forth any counts designating specific causes of action but the caption indicated it was an action for breach of contract, debt, and restitution.

¶ 3    On July 27, 2015, Anthony R. Kiture, Esq. filed a notice of appearance for Defendant and on that same date, Defendant filed an answer in response to Plaintiff's complaint.

¶ 4    On October 16, 2015, Defendant and Anthony R. Kiture, Esq., filed a stipulation for Defendant to proceed pro se, which was subsequently granted by the Court.

¶ 5    On May 25, 2016, a scheduling order was entered in this matter.

¶ 6    On November 30, 2016, this matter came before the Court for a status conference hearing. According to the record of proceeding for the November 30, 2016 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant failed to appear. On the same date, the Court entered an order whereby the Court ordered, inter alia, that the parties adhere to the following schedule: (i) "The deadline to propound discovery has expired"; (ii) "Mediation shall be completed by no later than Friday, December 23, 2016"; (iii) "A telephonic pre-trial conference shall be held on Wednesday, January 18, 2017, at 10:00 a.m."; (iv) "Any and all potentially dispositive motion shall be filed no later than Friday, January 27, 2017" and that "failure to comply with the deadlines stated above may lead to sanctions." (Nov. 30, 2016 Order.)

¶ 7    On February 9, 2017, a mediation report was filed whereby it advised the Court that a mediation conference was held on February 1, 2017, and "[t]he parties have reached a total impasse, all issues required Court action." (Feb. 9, 2017 Mediation Report.)

¶ 8    On February 13, 2017, Plaintiff filed a motion to compel discovery.

¶ 9    On February 15, 2017, this matter came before the Court for a status conference hearing. According to the record of proceeding for the February 15, 2017 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant appeared pro se. On February 16, 2017, the Court entered an order whereby the Court ordered, inter alia, that: (i) Plaintiff's February 13, 2017 motion to compel is granted and that Defendant "shall, within twenty (20) days of the date of entry of this Order respond to Plaintiff's Interrogatories and Request for Production of Documents"; (ii) "the deadline to complete discovery depositions shall be April 30, 2017"; (iii) "any and all dispositive motions shall be filed no later than June 16, 2017"; and (iv) a "pretrial conference shall be held

[sic] August 16, 2017, at 10:00 a.m. wherein the parties shall appear prepared to schedule trial." (Feb. 16, 2017 Order.)

¶ 10    On August 8, 2017, Plaintiff filed a motion to compel discovery and for sanctions.

¶ 11    On August 16, 2017, this matter came before the Court for a status conference hearing. According to the record of proceeding for the August 16, 2017 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant appeared pro se, and that Plaintiff advised the Court that Defendant has not responded to Plaintiff's discovery. On August 17, 2017, the Court entered an order whereby the Court ordered Defendant to respond to Plaintiff's interrogatories within ten days, sanctioned Defendant to pay attorney's fees and costs for failure to produce discovery, and Plaintiff to submit affirmation of cost for attorney's fees.

¶ 12    On August 30, 2017, Plaintiff filed a motion for attorney's bill of cost.

¶ 13    On September 13, 2017, the Court entered an order whereby the Court ordered Defendant to pay Plaintiff the sum of $360.00 within ten days.

¶ 14    On November 15, 2017, Defendant filed a motion for leave to file Defendant's first set of interrogatories and request for production.

¶ 15    On December 5, 2017, Plaintiff filed a motion for Defendant to show cause and for additional sanctions. In its motion, Plaintiff advised the Court that: (i) Defendant failed to comply with the Court's February 15, 2017 order and August 17, 2017 order, and (ii) Defendant made certain responses but failed to provide "a single substantive response." (Dec. 5, 2017 Motion.)

¶ 16    On December 7, 2017, Plaintiff filed an opposition to Defendant's November 15, 2017 motion.

¶ 17    On February 7, 2019, this matter was reassigned to the undersigned.

¶ 18    On June 6, 2019, this matter came before the Court for a status conference hearing. According to the record of proceeding for the June 6, 2019 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant failed to appear.

¶ 19    On August 29, 2019, this matter came before the Court for a status conference hearing. According to the record of proceeding for the August 29, 2019 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant appeared pro se, and the Court ordered the parties to be prepared to plead their case on December 5, 2019.

¶ 20    On December 3, 2019, the Court entered an order whereby the Court denied Defendant's November 15, 2017 motion, ordered Defendant to make initial disclosures within fourteen days, and ordered Defendant to pay the reasonable expenses, including attorney's fees, incurred by Plaintiff in defending against Defendant's November 15, 2017 motion.

¶ 21    On December 3, 2019, Defendant filed a motion for a continuance of the December 5, 2019 hearing, which was subsequently granted by the Court and the hearing was continued to another date.

¶ 22    On February 14, 2020, Plaintiff filed a bill of cost.

¶ 23    On September 10, 2020, this matter came before the Court for a status conference hearing. According to the record of proceeding for the September 10, 2020 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant appeared pro se, Plaintiff advised the Court that Defendant had not been cooperative with discovery requests, and Defendant advised the Court of his effort to obtain counsel as this matter becomes more difficult. The Court continued the matter to allow Defendant to seek counsel.

¶ 24    On October 10, 2020, this matter came before the Court for a status conference hearing. According to the record of proceeding for the October 10, 2020 hearing, Mark Milligan, Esq.

appeared on behalf of Plaintiff and Defendant appeared pro se, Defendant advised the Court that no counsel has been obtained, and the Court ordered the parties to submit an amended scheduling order within fifteen days.

¶ 25    On February 2, 2021, Plaintiff filed a motion for an order setting an amended scheduling order. In its motion, Plaintiff advised the Court:

> Although the parties did subsequently exchange their proposed scheduling plan, it became readily apparent the there would be no meeting of the minds as to which should prevail. Essentially, Plaintiffs' plan was designed to compel completion of discovery, while Defendant Keith A. James sought to commence discovery anew, with no mention as to his long-standing obligation to comply with the rules of discovery and produce full and complete responses to Plaintiff's long-standing discovery demands, e.g. namely: interrogatories demand for production of documents, due since as early as July 30, 2016.

> (Feb. 2, 2021 Motion.)

¶ 26    On February 20, 2021, the Court entered a first amended scheduling order. On February 22, 2021, Defendant filed a motion to submit an amended scheduling order.

¶ 27    On March 11, 2021, this matter came before the Court for a status conference hearing. According to the record of proceeding for the March 11, 2021 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant failed to appear, and the Court ordered Defendant to show cause for failure to appear. The show cause hearing was scheduled for May 27, 2021.

¶ 28    On March 15, 2021, the Court entered an order whereby the Court denied Defendant's February 22, 2021 motion.

¶ 29    On May 26, 2021, the Court entered an order whereby the Court ordered Plaintiff to supplement its February 14, 2020 filing with a motion.

¶ 30    On May 27, 2021, the date of the show cause hearing, Defendant filed a motion to continue the May 27, 2021 hearing, which was subsequently denied as moot. According to the record of

proceeding for the May 27, 2021 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant appeared pro se.

¶ 31  On June 25, 2021, Plaintiff filed a motion to supplement its February 14, 2020 filing.

¶ 32  On July 2, 2021, the Court entered an order whereby the Court granted Plaintiff's June 25, 2021 motion and ordered Defendant to pay Plaintiff the sum of $390.00 within fifteen days.

¶ 33  On October 1, 2021, Plaintiff filed this instant motion for sanctions.

¶ 34  On October 7, 2021, this matter came before the Court for a status conference hearing. According to the record of proceeding for the October 7, 2021 hearing, Mark Milligan, Esq. appeared on behalf of Plaintiff and Defendant failed to appear.

¶ 35  On October 12, 2021, the Court entered an order whereby the Court ordered Defendant to file a response to Plaintiff's October 1, 2021 motion, and notified Defendant that once the twenty-day period has expired, the Court will rule on Plaintiff's October 1, 2021 motion regardless of whether Defendant filed a response thereto. Defendant was served with a copy of the October 12, 2021 order on December 17, 2021.

¶ 36  The twenty-day period has since passed and as of the date of this order, Defendant has not filed a response to Plaintiff's October 1, 2021 motion. Furthermore, as of the date of this order, no counsel has filed a notice of appearance on behalf of Defendant.

## STANDARD OF REVIEW

¶ 37  Rule 37 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 37") governs discovery violations and allows the Court to use various types of sanctions to enforce the integrity of the discovery process. More specifically, Rule 37(b) governs failure to comply with a court order and provides in relevant part:

(b) Failure to Comply with a Court Order.

*LC Daniel Enterprises. Inc. v. Keith James*
SX-15-CV-237
**Memorandum Opinion and Order**
Page 7 of 15

2022 VI SUPER 9

(1) *Sanctions Sought Where the Deposition Is Taken.* If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as contempt of court.

(2) *Sanctions Sought Where the Action Is Pending.*

(A) *For Not Obeying a Discovery Order.* If a party or a party's officer, director, or managing agent -- or a witness designated under Rule 30(b)(6) or 31(a)(4) -- fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

V.I. R. Civ. P. 37(b).

## DISCUSSION

¶ 38    In its motion, Plaintiff requested the Court to "impose appropriate sanction against Defendant James due to his failure to obey multiple discovery orders entered February 15, 2017, February 25, 2021, and July 2, 2021." (Motion, p. 1.) More specifically, Plaintiff requested the Court to enter orders: (i) "prohibiting Defendant James, the disobedient party, from supporting or opposing Plaintiff's claims, as alleged in the complaint," (ii) "striking Defendant James' answer and affirmative defenses, (iii) rendering a default judgment against Defendant James, the disobedient party," and (iv) "award cost in favor of Plaintiff and against Defendant James." (Id.) In support of its request, Plaintiff included a copy of Plaintiff's counsel's Rule 37(a)(1) certification and directed the Court to review the record of proceeding. A copy of the February 15,

2017 order,[1] February 25, 2021 order,[2] and July 2, 2021 order were attached to the motion as Exhibit A, Exhibit B, and Exhibit C, respectively.

¶ 39    The Court notes at the outset that Defendant had ample opportunity to be heard prior to the imposition the sanctions outlined below—to wit, Plaintiff filed and served its motion for sanctions on October 1, 2021, and the Court also subsequently entered an order whereby the Court ordered Defendant to file a response to Plaintiff's October 1, 2021 motion and notified Defendant that once the twenty-day period has expired, the Court will rule on Plaintiff's October 1, 2021 motion regardless of whether Defendant filed a response thereto. Nevertheless, Defendant chose not to file a response to Plaintiff's motion for sanctions.

### A. Plaintiff's Request for Sanctions

¶ 40    In its motion, Plaintiff requested for the sanctions of prohibiting Defendant from opposing Plaintiff's claims, as alleged in the complaint, and striking Defendant's answer and affirmative defenses. While Plaintiff claimed in its motion that Defendant failed to comply with three discovery orders, which was not denied by Defendant since he did not file a response thereto, a review of the record revealed that Defendant persisted in an obdurate and contumacious refusal to participate in this litigation—to wit, failure to cooperate with discovery, failure to comply with the Court's orders, failure to appear for status conference hearings, and failure to obtain counsel despite advising the Court of his intention to do so since September 2020 and the Court granting him time to seek counsel. While Defendant, as a pro se litigant, is "entitled to additional leniency, that leniency is not a license [excusing non-compliance] with relevant rules of procedural and

[1] The February 15, 2017 order was entered on February 16, 2017, and thus referenced above as the order entered on February 16, 2017.

[2] The February 25, 2021 order was the first amended scheduling order the Court entered on February 20, 2021, and thus referenced above as the order entered on February 20, 2021.

substantive law." *Montgomery v. Virgin Grand Villas St. John Owners' Association*, 71 V.I. 1119, 1127-28 (V.I. 2019) (internal quotation omitted); *see also Simpson v. Golden*, 56 V.I. 272, 280 (V.I. 2012) ("[S]elf-representation is not a license [excusing compliance] with relevant rules of procedural and substantive law.") (citation and internal quotation marks omitted). This matter has been pending since June 2015 and the Court's patience with Defendant is wearing thin. At this juncture, the Court finds the sanctions of prohibiting Defendant from opposing Plaintiff's claims, as alleged in the complaint, and striking Defendant's answer and affirmative defenses, appropriate sanctions under Rule 37(b) to impose upon Defendant in this instance and will grant Plaintiff's request for such sanctions.

¶ 41    In its motion, Plaintiff also requested for the sanction of entering a default judgment against Defendant. In light of the aforementioned sanctions and Defendant's conduct in this matter, the Court finds that Defendant failed to "otherwise defend" and thus, the Court will enter a default against Defendant and determine whether a judgment by default should be entered against Defendant. *See* V.I. R. Civ. P. 55(a).

### 1. Standard of Review for Default Judgment

¶ 42    Rule 55 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 55") governs entry for default and default judgment. An entry of default does not necessitate a default judgment. *See Chaput v. Scafidi*, 66 V.I. 160, 188 (Super. Ct. June 14, 2017) ("Plaintiffs do not win by default just because the defendants fail to appear."). "[W]hen default is entered against a defendant, the defendant is admitting only to the allegations against him as alleged in the charging document." *Redemption Holdings, Inc. v. Gov't of the V.I.*, 65 V.I. 243, 255 (V.I. 2016) (citing *King v. Appleton* 61 V.I. 339, 346 (V.I. 2014)). In *King*, the Virgin Islands Supreme Court pointed out that "the Superior Court must consider whether the unchallenged facts constitute a legitimate cause of

action, since a party in default does not admit mere conclusion of law" and that if the Superior

Court determines that the unchallenged facts constitute a legitimate cause of action, then it is "to

hold a default judgment hearing to establish the amount of damages." 61 V.I. at 346 (internal

quotes and citations omitted) (footnote omitted). However, a default judgment can be entered

without a hearing "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum

which can by computation be made certain." *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014)

(citing Super. Ct. R. 48(a)(1));[3] *see* V.I. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum

certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's

request, with an affidavit showing the amount due -- must enter judgment for that amount and

costs against a defendant who has been defaulted for not appearing and who is neither a minor nor

an incompetent person."). In *Harrigan*, the Virgin Islands Supreme Court explained that "[a] claim

is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a

result of the defendant's default."[4] 61 V.I. at 270. "In all other cases [not involving a claim for a

sum certain], the party must apply to the court for a default... The court may conduct hearings or

make referrals -- preserving any statutory right to a jury trial -- when, to enter or effectuate

---

[3] The *Harrigan* court noted:

> "We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ... the clerk upon request of the plaintiff ... shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk ... must enter judgment for that amount and costs against a defendant.").")

61 V.I. at 270 n. 9.

Since *Harrigan*, the Virgin Islands Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Subsequently, Superior Court Rule 48 was repealed on April 7, 2017 by Supreme Court Promulgation Order No. 2017-0006. While Superior Court Rule 48 has been repealed and the Federal Rules of Civil Procedure does not apply in this matter, the Court nevertheless finds the *Harrigan* court's analysis as to sum certain claims helpful here since Rule 55(b)(1) closely mirrors its federal counterpart and Superior Court Rule 48.

[4] *See supra*, footnote 3.

judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." V.I. R. Civ. P. 55(b)(2).

### 2. Analysis for Default Judgment

#### a. Whether Plaintiff is Entitled to a Judgment by Default

¶ 43    As noted above, the complaint did not set forth any counts designating specific causes of action. Based on Plaintiff's description of the action as an "action for breach of contract, debt, and restitution" and the allegations contained therein, the Court concludes that Plaintiff brought the following causes of action against Defendants: breach of contract, debt, and restitution. The Court will first determine whether the facts, as alleged in Plaintiff's complaint, constitute legitimate causes of action for breach of contract.

¶ 44    In *Phillip v. Marsh-Monsanto*, the Virgin Islands Supreme Court conducted a *Banks* analysis and determined that to establish a breach of contract claim, the plaintiff "was required to demonstrate: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." 66 V.I. 612, 621 (V.I. 2017) (citing *Brouillard v. DLJ Mortgage Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015) (citing *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009)). "A contract may be 'express, implied-in-fact, or implied-in-law.'" *Turnbull v. Turnbull*, 71 V.I. 96, 105 (Super. Ct. July 15, 2019) (citing *Peppertree Terrace v. Williams*, 52 V.I. 225, 241 (V.I. 2009) (Swan, concurring)). "An express contract is memorialized 'in oral or written words,' and an implied-in-fact contract is 'inferred wholly or partially by conduct.'" *Id.* (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Whyte v. Bockino*, 69 V.I. 749, 764 (V.I. 2018) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)). Plaintiff made the following allegations in its complaint:

7. On or about May 2013, the parties hereto entered into an agreement where Plaintiff allowed Defendant access to its Saba Network System enabling him to make reservations for airline tickets, and to apply the full fare for tickets to Plaintiff's AARC account, for a fix fee of 40% per ticket.

8. Then and there, Defendant agreed to immediately collect the cost thereof from his clients by (a) charging the corresponding fare to their personal credit or charge cards, or (b) collecting from them payment in cash.

9. Defendnat further agreed that, if and when cash payment for fares was collected, he would immediately reimburse Plaintiff in order to off-set the afore-mentioned fare charges to Plaintiff's AARC account.

10. From as early as June 2013, due to an irregular payment history, the outstanding balance on Defendant's cash reimbursement account has been in arrears.

11. Between February and June 2015, in response to several demands by Plaintiff, Defendant agreed to bring his cash reimbursement accounts current, but has failed to do so, and is now ignoring and, otherwise, avoiding Plaintiff's attempt to make contact with him in person or by phone.

12. As a result of the afore-said breach by non-payment, effective May 31, 2015, Plaintiff unilaterally suspended and blocked access by Defendant to run and charge airline tickets on its Saba Network System.

13. As of even date, the outstanding balance owed to Plaintiff by Defendant on the afore-mentioned cash reimbursement account is TWENTY-SIX THOUSAND THREE HUNDRED EIGHTEEN DOLLA[R]S and 02/100 [$26,318.02].

(Compl. ¶¶ 7-13.)

¶ 45    Based on the unchallenged facts alleged in the complaint, the Court finds that: (i) Plaintiff and Defendant entered into an agreement on or about May 2013 whereby Plaintiff agreed to allow Defendant to access Plaintiff's Saba Network System and charge fares to Plaintiff's AARC account and Defendant agreed to pay Plaintiff a fee in exchange for the access to Plaintiff's Saba Network System and to immediately reimburse any fares charged to Plaintiff's AARC account, and (ii) under the agreement, Defendant had a duty to immediately reimburse Plaintiff for any fares he charged to Plaintiff's AARC account, and Defendant breached his duty when he failed to do so, and Plaintiff sustained damages as a result of Defendant's breach. Thus, the Court concludes that the unchallenged facts constitute a legitimate cause of action for breach of contract under Virgin Islands law. Given that all of Plaintiff's claims for breach of contract, debt, and restitution

are based on the same allegation (i.e. that Plaintiff did not receive reimbursement for the fares

Defendant charged to Plaintiff's AARC account) and Plaintiff did not plead them separately, the

Court finds it unnecessary to analyze Plaintiff's claims for debt and restitution at this juncture.

### b. Damages

¶ 46     The Court must now determine whether a hearing is necessary to establish the amount of

damages. Here, the Court finds that Plaintiff's claim for the unreimbursed fares Defendant charged

to Plaintiff's AARC account does not qualify as a sum certain or a sum that can be made certain

by computation. *See e.g., Harrigan*, 61 V.I. at 270 ("This claim for unpaid rent in Harrigan's

affidavit did not qualify as a sum certain because '[t]he term 'sum certain' in this context

contemplates a situation in which, once liability has been established, there can be no dispute as

to the amount due, as in actions on money judgments and negotiable instruments.'"). As such, the

Court will schedule an evidentiary hearing on the amount of damages. *See* V.I. R. Civ. P. 55(b)(2).[5]

The Court will reserve ruling on Plaintiff's request for the sanction of entering a default judgment

against Defendant.

---

[5] Rule 55 provides in relevant part:

> (2) *All Other Claims.* In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals -- preserving any statutory right to a jury trial -- when, to enter or effectuate judgment, it needs to:
>
> > (A) conduct an accounting;
> >
> > (B) determine the amount of damages;
> >
> > (C) establish the truth of any allegation by evidence; or
> >
> > (D) investigate any other matter.
>
> V.I. R. Civ. P. 55(b)(2)

### B. Plaintiff's Request for an Award of Costs

¶ 47    In its motion, Plaintiff also requested for an award costs. Rule 54 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 54") provides that "[w]ithin 30 days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the court a bill of costs, together with a notice of motion when application will be made to the court to tax the same." V.I. R. Civ. P. 54(d)(1)(A). At this time, this request is premature because the Court has not entered a judgment against Defendant in favor of Plaintiff, Additionally, under Rule 54, if Plaintiff wishes to move the Court for costs after a judgment against Defendant in favor of Plaintiff is entered and, Plaintiff is required to a separate motion, with proper briefing and supporting documents. As such, the Court will deny without prejudice Plaintiff's request for costs.

## CONCLUSION

¶ 48    Based on the foregoing, the Court will grant in part and deny in part Plaintiff's motion for sanctions. Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion for sanctions, filed on October 1, 2021, is **GRANTED** as to Plaintiff's request for the sanctions of prohibiting Defendant from opposing Plaintiff's claims, as alleged in the complaint, and striking Defendant's answer and affirmative defenses, **DENIED WITHOUT PREJUDICE** as to Plaintiff's request for an award of fees, and the Court will **RESERVE RULING** as to Plaintiff's request for the sanction of entering a default judgment against Defendant. It is further:

**ORDERED** that Defendant is prohibited from opposing Plaintiff's claims, as alleged in the complaint. It is further:

**ORDERED** that Defendant's answer and affirmative defenses, filed on July 27, 2015, shall be and is hereby **STRICKEN**. It is further:

**ORDERED** that default is entered against Defendant. It is further:

**ORDERED** that an evidentiary hearing on the amount of damages is scheduled for _____ March 10 ___, 2022, at ___ 10 : 00 ___ a.m./p.m. by Zoom. It is further:

**ORDERED** that Defendant be served with a copy of this Order by email to kajames197@yahoo.com.

**DONE and so ORDERED** this 25th day of **January 2022**.

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: Jan 25, 2022

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**