IN THE SUPERIOR COURT



**FILED**
April 14, 2021
SX-2020-CV-00921
TAMARA CHARLES
CLERK OF THE COURT



**SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| HIGH TIMES VI ENTERPRISES, LLC, | |
| PLAINTIFF, | Civil No. SX-2020-CV-921 |
| v. | UNJUST ENRICHMENT; BREACH OF CONTRACT |
| HAFIZ AHMAD RAHHAL, INDIVIDUALLY AND D/B/A DELMA AUTO SALES & WHOLESALE, | |
| DEFENDANT. | CITE AS: 2021 VI SUPER 42P |

**Appearances:**
**Nathan J. Mirocha, Esq.**
MirochaLaw, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**Hafiz Ahmad Rahhal**
Kingshill, U.S. Virgin Islands
*For Defendant, Pro Se*

### MEMORANDUM OPINION

**WILLOCKS, Presiding Judge**

¶ 1    **THIS MATTER** came before the Court on Plaintiff High Times VI Enterprises, LLC's (hereinafter "Plaintiff") motion for default judgment, filed on March 1, 2021.

### BACKGROUND

¶ 2    On December 7, 2020, Plaintiff filed a complaint against Defendant Hafiz Ahmad Rahhal, individually and d/b/a Delma Auto Sales & Wholesale (hereinafter "Defendant") in connection with an alleged outstanding balance, in the total amount of $15,928.39, Defendant owes Plaintiff. Plaintiff's complaint alleged the following causes of action: Count I-unjust enrichment and Court II-breach of contract. Plaintiff sought for a judgment against Defendant in the amount of $15,928.39, plus pre-judgment interest, plus costs, plus attorney fees, and for whatever other relief

this Court deems fit. A copy of Plaintiff's invoice 6903 to Defendant, dated January 26, 2018, showing a balance due in the total amount of $7,582.39 (hereinafter "Invoice 6903") and a copy of Plaintiff's invoice 69771 to Defendant, dated July 2, 2018, showing a balance due in the total amount of $8,346.00 (hereinafter "Invoice 69771") were attached to Plaintiff's complaint as Exhibit A and Exhibit B, respectively.

¶ 3     Defendant was subsequently served on December 21, 2019. Defendant, appearing pro se, submitted a letter to the Court, dated December 22, 2020, advising the Court that he will be oversea from January 13, 2021 to January 28, 2021 and requested for a continuance of this matter until his return. However, January 28, 2021 came and went, and Defendant failed to plead or otherwise defend. On February 26, 2021, default was entered against Defendant. On March 1, 2021, Plaintiff filed this instant motion. The following documents were attached in support of Plaintiff's motion: (i) a copy of Hussam Mohammad Rahhal's affidavit,[1] dated February 26, 2021, (ii) a copy of Invoice 6903 and Invoice 69771, (iii) a copy of Plaintiff's counsel's affirmation, dated February 26, 2021, and (iv) a copy of Plaintiff's counsel's itemized invoice.

## STANDARD OF REVIEW

¶ 4     Rule 55 of the Virgin Islands Rules of Civil Procedure (hereinafter "Rule 55") governs entry for default and default judgment. An entry of default does not necessitate a default judgment. *See Chaput v. Scafidi*, 66 V.I. 160, 188 (Super. Ct. June 14, 2017) ("Plaintiffs do not win by default just because the defendants fail to appear."). "[W]hen default is entered against a defendant, the defendant is admitting only to the allegations against him as alleged in the charging document." *Redemption Holdings, Inc. v. Gov't of the V.I.*, 65 V.I. 243, 255 (V.I. 2016) (citing *King v. Appleton*

---

[1] According to Hussam Mohammad Rahhal's affidavit, he is the sole member of High Times VI Enterprises, LLC. (Rahhal Aff. ¶ 1)

61 V.I. 339, 346 (V.I. 2014)). In *King*, the Virgin Islands Supreme Court pointed out that "the Superior Court must consider whether the unchallenged facts constitute a legitimate cause of action, since a part in default does not admit mere conclusion of law" and that if the Superior Court determines that the unchallenged facts constitute a legitimate cause of action, then it is "to hold a default judgment hearing to establish the amount of damages." 61 V.I. at 346 (internal quotes and citations omitted) (footnote omitted). However, a default judgment can be entered without a hearing "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain." *Appleton v. Harrigan*, 61 V.I. 262, 270 (V.I. 2014). (citing Super. Ct. R. 48(a)(1));[2] *see* V.I. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's request, with an affidavit showing the amount due -- must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."). In *Harrigan*, the Virgin Islands Supreme Court explained that "[a] claim is not a sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." 61 V.I. at 270.[3]

---

[2] *See infra*, footnote 3.

[3] The *Harrigan* court noted:

> "We again look to federal case law for persuasive authority because, even though Superior Court Rule 48 exclusively governs default judgment in the Superior Court, Federal Rule of Civil Procedure 55(b) similarly provides that default judgment can be entered without a hearing only where the damages sought are a "sum certain." SUPER. CT. R. 48(a)(1) ("When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, ... the clerk upon request of the plaintiff ... shall enter judgment for the net amount due and costs against the defendant."); FED. R. CIV. P. 55(b)(1) (*HN15* "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk ... must enter judgment for that amount and costs against a defendant.").")

> 61 V.I. at 270 n. 9.

Since *Harrigan*, the Virgin Islands Supreme Court adopted the Virgin Islands Rules of Civil Procedure, which went into effect on March 31, 2017. Subsequently, Superior Court Rule 48 was repealed on April 7, 2017 by Supreme Court Promulgation Order No. 2017-0006. While Superior Court Rule 48 has been repealed and the Federal Rules of Civil Procedure does not apply in this matter, the Court nevertheless finds the *Harrigan* court's analysis as to sum certain claims helpful here since Rule 55(b)(1) closely mirrors its federal counterpart and Superior Court Rule 48.

## DISCUSSION

¶ 5      In its motion, Plaintiff moved for an entry of judgment by default against Defendant in the amount of $15,928.39, plus pre-judgment interest pursuant to Title 11 V.I.C. § 951(a)(1), plus post-judgment interest pursuant to Title 5 V.I.C. § 426(a) until the date the Judgment is satisfied, plus attorney's fees in the amount of $1,715.00, plus costs in the amount of $200.00, plus any other relief the Court deems just and proper.

### I.      Whether Plaintiff is Entitled to a Judgment by Default

¶ 6      In its complaint, Plaintiff alleged the following two causes of action against Defendant: breach of contract and unjust enrichment. Plaintiff's claim for breach of contract will be addressed first since equitable remedies are inappropriate where a legal remedy is available. *Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 252 (V.I. 2014) ("Because unjust enrichment is an equitable remedy, it – like all equitable remedies – is inappropriate where a legal remedy is available.")

### A.      Breach of Contract Claim

¶ 7      In *Phillip v. Marsh-Monsanto*, the Virgin Islands Supreme Court conducted a *Banks* analysis and determined that to establish a breach of contract claim, the plaintiff "was required to demonstrate: (1) an agreement; (2) a duty created by that agreement; (3) a breach of that duty; and (4) damages." 66 V.I. 612, 621 (V.I. 2017) (citing *Brouillard v. DLJ Mortgage Capital, Inc.*, 63 V.I. 788, 798 (V.I. 2015) (citing *Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 135 (V.I. 2009)). "A contract may be 'express, implied-in-fact, or implied-in-law.'" *Turnbull v. Turnbull*, 71 V.I. 96, 105 (Super. Ct. July 15, 2019) (citing *Peppertree Terrace v. Williams*, 52 V.I. 225, 241 (V.I. 2009) (Swan, concurring)). "An express contract is memorialized 'in oral or written words,' and an implied-in-fact contract is 'inferred wholly or partially by conduct.'" *Id.* (citing *Peppertree*

*Terrace*, 52 V.I. at 241) (Swan, concurring)); *see also, Whyte v. Bockino*, 69 V.I. 749, 764 (V.I.

2018) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan, concurring)). An enforceable contract

requires "an offer, acceptance, a bargained-for legal benefit or detriment, commonly known as

consideration, and a manifestation of mutual assent." *Williams v. Univ. of the V.I.*, 2019 V.I.

LEXIS 2, *4 (Super. Ct. Jan. 18, 2019) (citing *Peppertree Terrace*, 52 V.I. at 241) (Swan,

concurring)); *see also, Cornelius v. Bank of Nova Scotia*, 67 V.I. 806, 820 (V.I. 2017)

("[A] contract is only formed or modified to the extent there

is mutual assent and mutual consideration."). "A manifestation of mutual assent or a meeting of

the minds requires that the two parties that intend to form a contract are in agreement to the same

terms and must be proven objectively." *Univ. of the V.I.*, 2019 V.I. LEXIS 2 at *4; *Smith v.*

*McLaughlin*, 2019 V.I. LEXIS 180, *7 (Super. Ct. Oct. 22, 2019).

¶ 8     The Court will first determine whether the unchallenged facts, as alleged in Plaintiff's

complaint, constitute a legitimate cause of action. Here, the relevant unchallenged facts are as

follows:

> 5. On or about January 26, 2018 and July 2, 2018, Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales contracted with High Times to obtain Kettle Brand chips.
>
> 6. Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales has failed to pay High Times for the services and products provided.
>
> ...
>
> 8. Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales contracted with High Times to obtain Kettle Brand chips on two separate occasions.
>
> 9. High Times delivered the Kettle Brand chips requested by Hafiz Ahmad Rahhal, and Delma Auto Sales & Wholesales.
>
> 10. High Times submitted Invoice 6903 on January 28, 2018, for the services of obtaining the product in connection with the request for Kettle Brand chips by Hafiz Ahmad Rahhal and Delma Auto Sales & Wholesales.
>
> 11. Invoice 6903 is attached as Exhibit A.

12. Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesale has not paid High Times Invoice 6903.

13. High Times submitted Invoice 69771 on July 2, 2018, for the services of obtaining the product in connection with a new and separate request for Kettle Brand chips by Hafiz Ahmad Rahhal and Delma Auto Sales & Wholesales.

14. Invoice 69771 is attached as Exhibit B.

15. Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales has not paid High Times Invoice 69771.

16. The total amount outstanding and owed by Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales to High Time is $15,928.39.

...

35. In January and July 2018, Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales sought to obtain Kettle Brand chips.

36. In January and July 2018, High Times offered to provide the requested products to Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales.

37. In January and July 2018, Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales accepted High Times's offer to provide the requested services and Kettle Brand chips at the offered prices per unit.

38. In January and July 2018, High Times performed under the contract with Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales by obtaining and delivering Kettle Brand chips to Defendants.

39. Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales have failed to pay High Times the agreed upon rates despite High Times performance by Plaintiff.

(Compl. ¶¶ 5-6, 8-16, 35-39)

¶ 9    Based on the unchallenged facts and the invoices—Invoice 6903 and Invoice 69771—submitted in support of its allegations, the Court finds that the parties had an agreement[4] for Defendant to purchase and Plaintiff to sell the requested products to Defendant at the agreed upon quantity and the agreed upon rate, Plaintiff delivered the requested products at the agreed upon quantity and the agreed upon rate, Defendant accepted the requested products at the agreed upon

---

[4] The agreement was either an express oral agreement—no written agreement was produced by Plaintiff—or an agreement inferred wholly or partially by Plaintiff's conduct of delivering the requested products at the agreed upon quantity and the agreed upon rate and Defendant's conduct of accepting the requested products at the agreed upon quantity and the agreed upon rate. For the purpose of this memorandum opinion, the Court need not determine whether the agreement was an express agreement or an implied-in-fact agreement.

quantity and the agreed upon rate, Defendant had a duty to pay Plaintiff for the requested products at the agreed upon quantity and the agreed upon rate in the total amount of $15,928.39, Defendant breached its duty when it failed to pay Plaintiff, and Plaintiff sustained damages as a result of Defendant's breach. Thus, the Court concludes that the unchallenged facts constitute a legitimate cause of action for breach of contract under Virgin Islands law.

¶ 10   The Court will next determine whether a hearing is necessary to establish the amount of damages. Here, Plaintiff submitted Hussam Mohammad Rahhal's affidavit in support of his motion for default judgment.[5] According to Hussam Mohammad Rahhal's affidavit, Plaintiff is in good standing with the Office of the Lt. Governor, Division of Corporations, and Defendant owes Plaintiff an outstanding balance in the total amount of $15,928.39 for Invoice 6903 and Invoice 69771. (Affidavit ¶¶ 2,15) A copy of Invoice 6903 and a copy of Invoice 69771 were attached to Hussam Mohammad Rahhal's affidavit. Based on the foregoing, the Court finds Plaintiff's claim for the total amount Defendant owes Plaintiff under the agreement qualifies as a sum certain because "there is no doubt as to the amount to which [Plaintiff] is entitled as a result of [Defendant's] default." *Harrigan*, 61 V.I. at 270. Thus, the Court concludes that a hearing is not necessary to establish the amount of damages in this matter.

¶ 11   Accordingly, given that Plaintiff's claim for breach of contract is for a sum certain or a sum that can be made certain by computation, the Court will grant Plaintiff's motion as to Plaintiff's breach of contract claim and enter judgment for that amount in favor of Plaintiff against Defendant. *See* V.I. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the court or the clerk -- on the plaintiff's request, with an

---

[5] *See supra,* footnote 1. According to Hussam Mohammad Rahhal's affidavit, he is the sole member of High Times VI Enterprises, LLC. (Rahhal Aff. ¶ 1)

affidavit showing the amount due -- **must** enter judgment for that amount and costs against a

defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent

person.") (emphasis added).

### B.     Unjust Enrichment Claim

¶ 12    Based on the Court's finding as to Plaintiff breach of contract claim, the Court will deny

Plaintiff's motion as to Plaintiff's unjust enrichment claim. *See Cacciamani*, 61 V.I. at 252

("Because unjust enrichment is an equitable remedy, it – like all equitable remedies – is

inappropriate where a legal remedy is available. Due to the unavailability of equitable remedies

when a legal remedy is available, [t]he general rule is that no [equitable] quasi-contractual claim

can arise when a contract exists between the parties concerning the same subject matter on which

the quasi-contractual claim rests, since legal remedies are available to a plaintiff in a breach of

contract action. This doctrine, known as the 'barred by contract rule, is based on 'the principle that

parties in contractual privity ... are not entitled to the remedies available under a judicially-

imposed quasi contract ... because the terms of their agreement, express and implied, define their

respective rights, duties, and expectations. Accordingly, [a] claim for unjust enrichment cannot

stand where an express contractual agreement exists between the parties... [I]t is clear that the

barred by contract rule is the soundest rule...") (internal quotations and citations omitted).

### II.    Whether Plaintiff is Entitled to Pre-judgment Interest and Post-judgment Interest

¶ 13    Plaintiff's instant motion requested pre-judgement interest and post-judgment interest as

part of the relief.

### A.     Pre-judgment Interest

¶ 14     Title 11 V.I.C. § 951[6] governs the application of pre-judgment interest. Title 11 V.I.C. § 951(a)(1) provides that "[t]he rate of interest shall be nine (9%) per centum per annum on—all monies which have become due." Title 11 V.I.C. § 951(a)(1). "The grant or denial of prejudgment interest remains within the sound discretion of the trial court." *Williams v. Edwards*, 2017 V.I. LEXIS 105, at *6 (Super. Ct. July 12, 2017) (quoting *Isaac v. Crichlow*, 63 V.I. 38, 69 (Super. Ct. Feb. 10, 2015).

¶ 15     The Court finds that an award of pre-judgment interest is appropriate here. Accordingly, the pre-judgment interest owed to Plaintiff shall be as follows: (i) For Invoice 6903: pre-judgment interest accruing at the rate of $1.8696 per day[7] commencing on January 27, 2018, the day after the date of the invoice, until the date of the entry of the Judgment and (ii) For Invoice 69771: pre-judgment interest accruing at the rate of $2.0579 per day[8] commencing on July 3, 2018, the day after the date of the invoice, until the date of the entry of the Judgment.

### B.     Post-judgment Interest

¶ 16     Title 5 V.I.C. § 426[9] governs the application of post-judgment interest. Title 5 V.I.C. § 426(a) states that "[t]he rate of interest on judgments and decrees for the payment of money shall be 4 percent per annum." Title 5 V.I.C. § 426(a). In *Christian v. Joseph*, the Third Circuit, while sitting as the *de facto* court of last resort for the Virgin Islands, held that Title 5 V.I.C. § 426 "provides for automatic accrual of post-judgment interest."[10] 29 V.I. 404, 408 (3d Cir. 1993).

---

[6] In its motion, Plaintiff specifically sought for pre-judgment interest pursuant to Title 11 V.I.C. § 951(a)(1).

[7] The Court arrived at this figure by using the following calculation: ($7,582.39 x 0.09)/365.

[8] The Court arrived at this figure by using the following calculation: ($8,346.00 x 0.09)/365.

[9] In its motion, Plaintiff specifically sought for post-judgment interest pursuant to Title 5 V.I.C. § 426(a).

[10] The Third Circuit's decision construing a Virgin Islands statute in *Christian* is binding on the Superior Court. *See Najawicz v. People of the V.I.*, 58 V.I. 315, 328 (2013) ("In fact, every other Third Circuit decision which we have

¶ 17    Accordingly, the post-judgment interest owed to Plaintiff will accrue at the rate of $1.7456 per day[11] commencing on the date of the entry of the Judgment until the date the Judgement is satisfied.

### III.    Whether Plaintiff is Entitled to Costs

¶ 18    Although Plaintiff did not file a separate motion for costs and fees, Plaintiff's instant motion requested costs and fees as part of the relief and attached a copy of Plaintiff's counsel's affirmation, dated February 26, 2021, and a copy of Plaintiff's counsel's itemized invoice. According to Plaintiff's counsel's affirmation and itemized invoice, Plaintiff's attorney's fees in this matter total $1,715.00—accounting for 4.9 hours of work performed at the hourly rate of $350.00—and Plaintiff's costs in this matter total $200.00—accounting for fees for filing of the complaint and summons ($75.00), fees for service of summons ($100.00), and fees for the certificate of good standing for Plaintiff ($25.00). (Plaintiff's Counsel's Affirmation ¶¶ 3, 5-6; Itemized Invoice)

### A.    Title 5 V.I.C. § 541

¶ 19    Pursuant to Title 5 V.I.C. § 541, a prevailing party may recover costs, including attorney's fees, in a civil action. *See Kalloo v. Estate of Small*, 62 V.I. 571, 579 (V.I. 2015) ("By generally allowing a prevailing party to recover attorney's fees, section 541 serves as an exception to the "American Rule" against shifting fees to the losing party, which serves as the general rule in most United States jurisdictions."). Title 5 V.I.C. § 541(a) provides that the "[c]osts which may be

---

characterized as being binding on the Superior Court can be traced to a case where the Third Circuit had exercised its power as the final arbiter of Virgin Islands local law."); *see also Government of the Virgin Islands v. Connor*, 60 V.I. 597, 606 n. 1 (V.I. 2014) (citation omitted) ("Superior Court should treat decisions of the United States Court of Appeals for the Third Circuit… as binding precedent with respect to issues of local law.").

[11] The Court arrived at this figure by using the following calculation: ($15,928.39 x 0.04)/365.

allowed in a civil action include: (1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expense of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." Title 5 V.I.C. § 541(a). Title 5 V.I.C. § 541(b) provides that "[t]he measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous." Title 5 V.I.C. § 541(b).

¶ 20    In *Kalloo*, the Virgin Islands Supreme Court noted that "attorney's fees awards should represent a fair and *reasonable* portion of … [the] attorney's fees incurred in the prosecution or defense of the action, and not [necessarily] the whole amount charged by the attorney." 62 V.I. at 584 n.11 (internal quotations and citation omitted) (emphasis in original). In *Judi's of St. Croix Car Rental v. Weston*, the Virgin Islands Supreme Court, in considering the reasonableness of the attorney's fees, found guidance in the factors discussed by the Appellate Division of the District Court of the Virgin Islands in *Andrew Evans v. R&G Mortgage Corp.*, D.C. Civ. App. No. 2003/126 (D.V.I. App. Jan. 10, 2007) — namely: "the time and labor required, the novelty and difficulty of the issues involved, the level of skill needed to properly conduct the case, the customary charges of the bar for similar services, the amount involved in the controversy, the benefits resulting to the client from the services, and the contingency or certainty of

compensation."[12] 2008 V.I. Supreme LEXIS 21,*3 (V.I. 2008). The language of Title 5 V.I.C. §

541 and case law are clear that it is within the Court's discretion to award attorney's fees and costs

and to determine the amount to be awarded. Title 5 V.I.C. § 541; *Kalloo*, 62 V.I. at 584 n. 11

(noting that a trial judge has discretion in determining reasonable attorney's fees and costs); *see*

*also, Meyers v. Derr*, 2017 V.I. LEXIS 140, *1 (Super. Ct. Aug. 29, 2017).

¶ 21    The Court will note at the outset that Plaintiff is the prevailing party in this matter based

on the Court's finding above that Plaintiff is entitled to a judgment by default. The Court further

notes that this is not a frivolous personal injury action. Thus, Title 5 V.I.C. § 541 is applicable.

### 1. Fees for Filing the Complaint and Summons, Fees for Service of Summons, Fees for the Certificate of Good Standing for Plaintiff

¶ 22    Title 5 V.I.C. § 541 does not permit the recovery of fees for filing of the complaint and

summons, fees for service of summons, and fees for the certificate of good standing for Plaintiff.

Additionally, Plaintiff cited no authority to support its requests for such fees. As such, the Court

will not grant Plaintiff's request for such fees.

### 2. Attorney's Fees

¶ 23    First, the Court reviews the time and labor expended in this matter. According to Plaintiff's

counsel's affirmation and itemized invoice, 4.9 hours were expended in this matter—to wit,

investigate corporate status of Plaintiff and Defendant, draft and file the initiating documents and

motions, review documents, order the certificate of good standing for Plaintiff. The Court finds

the services rendered and the time spent by Plaintiff's counsel to be reasonable.

---

[12] While the *Judi's* court addressed the reasonableness of the attorney's fees requested pursuant to Supreme Court Rule 30, the Court nevertheless finds its analysis helpful here. Thus, the Court will consider the factors discussed in *Judi's* when determining the reasonableness of the attorney's fees under Title 5 V.I.C. § 541.

¶ 24    Second, the Court evaluates the novelty and difficulty of the issues involved. The Court finds that the issues involved herein is neither novel nor complex, given that it is a straightforward simple, uncontested breach of contract case for failure to pay and that the record in this case is minimal.

¶ 25    Third, the Court evaluates the level of skill required of counsel to properly conduct the case. As the Court noted, this matter is a straightforward simple, uncontested breach of contract case for failure to pay. This means that counsel was only required to have a basic understanding of the Virgin Islands Rules of Civil Procedure and some basic drafting skills to properly conduct this case. For example, all the documents prepared and filed in this matter are brief and straightforward, without the need for any complex legal research or analysis. The Court finds that this matter did not require a high degree of skill by counsel.

¶ 26    Fourth, the Court compares the hourly rate charged in this matter with the customary charges of Virgin Islands attorneys. According to Plaintiff's counsel's affirmation, he has "been licensed to practice law for 20 years" and "have practiced law for 20 years in Illinois and 6 years in the U.S. Virgin Islands." (Plaintiff's Counsel's Affirmation ¶ 3) The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands. *See e.g., Bank of Am., N.A. v. Taylor*, 2019 V.I. LEXIS 173, at *4-5 (Super. Ct. Sept. 9, 2019) (finding the attorney's hourly rate of $350.00 to be consistent with the hourly rates of a trial counsel who "has been practicing law for 37 years and was admitted to the Virgin Islands Bar in 2005"); *Freund v. Liburd*, 2017 V.I. LEXIS 184, at *6 (Super. Ct. Dec. 20, 2017) (finding the attorneys' hourly rate of $250.00 and the managing attorney's hourly rate of $350.00 "consistent with the customary charges of similarly experienced attorneys of the Virgin Islands Bar"); *Yearwood Enters. v. Antilles Gas Corp.*, 2017

V.I. LEXIS 171, *5 (Super. Ct. Dec. 5, 2017) (finding the hourly rate of $350.00 is "in line with the customary and prevailing market rates for attorneys in the Virgin Islands"); *Interocean Ins. Agency v. Joseph*, 2014 V.I. LEXIS 73, *10 (Super. Ct. Sept. 12, 2014) (unpublished) (the court accepted the attorney's hourly rates of $350.00 for in-court services and $300.00 for other services as "fair and reasonable for an attorney with his experience and record").

¶ 27 Fifth, the Court considers the amount in controversy and the attorney's fees requested. Here, the amount in controversy was $15,928.39 and the attorney's fees requested was $1,715.00. The Court finds that the relationship between the amount in controversy and the attorney's fees requested to be within reason. *See Judi's*, 2008 V.I. Supreme LEXIS 21 at *3 (finding that the attorney's fees is unlikely to be reasonable when the attorney's fees requested was almost four times the amount in controversy).

¶ 28 Sixth, the Court considers the benefits resulting to Plaintiff from the services. Here, as the result of the services rendered by Plaintiff's counsel, Plaintiff obtained a favorable outcome— namely, a judgment by default against Defendant for the amount he owes Plaintiff pursuant to their agreement. The Court finds that Plaintiff benefited from the service of its counsel.

¶ 29 Finally, the Court considers the contingency or certainty of compensation. Given that Plaintiff's counsel charged Plaintiff at the hourly rate of $350.00, it appears that Plaintiff and Plaintiff's counsel did not have a contingency fee agreement.

¶ 30 Based on the Court's analysis of the factors set forth in *Judi's*, the Court finds the attorney's fees sought by Plaintiff to be reasonable and will not make any adjustments.

## CONCLUSION

¶ 31 Based on the foregoing, the Court will grant Plaintiff's motion as to Plaintiff's breach of contract claim, deny Plaintiff's motion as to Plaintiff's unjust enrichment claim, grant Plaintiff's

request for attorney's fee in the amount of $1,715.00, deny Plaintiff's request for fees in the amount of $200.00, and enter a judgment by default in favor of Plaintiff against Defendant as follows: (i) $15,928.39, the total outstanding balance for Invoice 6903 and Invoice 69771, plus (ii) pre-judgment interest for Invoice 6903 accruing at the rate of $1.8696 per day commencing on January 27, 2018 until the date of the entry of the Judgment, plus (iii) pre-judgment interest for Invoice 69771 accruing at the rate of $2.0579 per day commencing on July 3, 2018 until the date of the entry of the Judgment, plus (iv) post-judgment interest accruing at the rate of $1.7456 per day commencing on the date of the entry of the Judgment until the date the Judgement is satisfied, plus (v) attorney's fee in the amount of $1,715.00. Additionally, the Court will close this matter since there are no other pending issues herein. An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE this 14th day of April, 2021.**

**HAROLD W.L. WILLOCKS**
**Presiding Judge of the Superior Court**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| HIGH TIMES VI ENTERPRISES, LLC,<br><br>PLAINTIFF,<br><br>v.<br><br>HAFIZ AHMAD RAHHAL, INDIVIDUALLY AND D/B/A DELMA AUTO SALES & WHOLESALE,<br><br>DEFENDANT. | Civil No. SX-2020-CV-921<br><br>UNJUST ENRICHMENT; BREACH OF CONTRACT<br><br>CITE AS: 2021 VI SUPER 42P |

**Appearances:**
**Nathan J. Mirocha, Esq.**
MirochaLaw, LLC
Christiansted, U.S. Virgin Islands
*For Plaintiffs*

**Hafiz Ahmad Rahhal**
Kingshill, U.S. Virgin Islands
*For Defendant, Pro Se*

## ORDER AND JUDGMENT

**WILLOCKS, Presiding Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff High Times VI Enterprises, LLC's (hereinafter "Plaintiff") motion for default judgment, filed on March 1, 2021, is **GRANTED** as to Plaintiff's breach of contract claim and **DENIED** as to Plaintiff's unjust enrichment claim. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's request for attorney's fee in the amount of $1,715.00 is **GRANTED**. It is further:

**ORDERED, ADJUDGED, AND DECREED** that Plaintiff's request for fees in the amount of $200.00 is **DENIED. And** it is further:

**ORDERED, ADJUDGED, AND DECREED** that a **JUDGMENT BY DEFAULT** shall be **ENTERED** in favor of Plaintiff against Defendant Hafiz Ahmad Rahhal, individually, and d/b/a Delma Auto Sales & Wholesales in the following amount:

(i)     $15,928.39, the total outstanding balance for Invoice 6903 and Invoice 69771, **plus**

(ii)    pre-judgment interest for Invoice 6903 accruing at the rate of $1.8696 per day commencing on January 27, 2018 until the date of the entry of the Judgment, **plus**

(iii)   pre-judgment interest for Invoice 69771 accruing at the rate of $2.0579 per day commencing on July 3, 2018 until the date of the entry of the Judgment, **plus**

(iv)    post-judgment interest accruing at the rate of $1.7456 per day commencing on the date of the entry of the Judgment until the date the Judgement is satisfied.

It is further:

**ORDERED** that this matter is hereby **CLOSED.**

**DONE and so ORDERED this** 14th **day of April, 2021.**

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**